# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

ANDREW BOEHM, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PURE DEBT SOLUTIONS CORPORATION., a Wyoming corporation,

Defendant.

Case No.: 8:19-cv-00117-LSC-CRZ

**CLASS ACTION**

**ORDER REGARDING PRESERVATION**

This action, brought by Plaintiff Andrew Boehm ("Plaintiff"), concerns alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., by Defendant Pure Debt Solutions Corporation ("Defendant"), concerning alleged automated and/or artificial or prerecorded calls to cellular telephone numbers of Plaintiff and a nationwide putative class of similarly situated persons, during the period of March 20, 2015 through March 20, 2019. Defendant denies these claims.

On September 13, 2019, this Court issued an order limiting discovery at this time by the Parties to the individual claims of the Plaintiff, to be completed by December 10, 2019, essentially bifurcating merits and class certification discovery until further notice (Dkt. No. 41). Thus, in an effort to prevent the loss or destruction of data that is potentially relevant to this putative class action, which data is reasonably believed to be in the possession or control of third-party cellular telephone carriers and companies used

by Defendant to place outgoing calls, and finding good cause under Fed. R Civ. P. 26(d), the Court hereby orders the preservation of evidence as follows:

1) The following cellular telephone companies, including: i) AT&T Mobility, ii) Sprint / Nextel Communications, iii) T-Mobile, USA, iv) Cellco Partnership d/b/a Verizon Wireless v) U.S. Cellular and vi) MetroPCS, shall, without undue delay upon service of this order, take reasonable steps to preserve their regular business records concerning all calls from the following originating numbers: (402) 327-3186 and (402) 389-3843 to all terminating cellular telephone numbers of their cellular telephone customers, as well as subscriber information for the accounts with such terminating cellular telephone numbers, for the period of March 20, 2015 through March 20, 2019, until further notice from or authorized by this Court.

Plaintiff is ordered to serve this order on the cellular telephone carriers identified above within ten days. In the event one or more of the parties to this action is able to identify additional cellular telephone carriers who may have possession of control of potentially relevant information, such carriers are likewise ordered to preserve evidence as indicated above, upon service of this order.

2) Wolf Marketing LLC ("Wolf Marketing"), shall, without undue delay upon service of this order, take reasonable steps to preserve their regular business records, including dialer and phone records, records of consent, opt-in records, and records of equipment used, concerning all outbound and inbound calls (including text messages), including but not limited to calls relating to Caller I.D. numbers (402) 327-3186 and (402) 389-3843, for the period of March 20, 2015 through March 20, 2019, until further notice from or authorized by this Court.

Defendant is ordered to serve this order on Wolf Marketing within ten days by certified mail, return receipt requested at Wolf Marketing's last known address. "Service" of this order shall be complete upon mailing.

This order does not require the production of such evidence at this time. However, such evidence may be ordered by the Court to be produced in connection with this action in the future. *See generally*, *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 925 (D.Minn. 2016) ("While any response from the third parties will be stayed, third parties will be on notice of any obligation to preserve evidence.").

This preservation order shall expire automatically effective December 31, 2020, unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3

8:19-cv-00117-LSC-CRZ

ORDER